UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                 Case No. 10-20225
                                 Hon. Gerald E. Rosen

ROSSAHN BLACK,

       Defendant.

_____/

**OPINION AND ORDER REGARDING
DEFENDANT'S VARIOUS PENDING MOTIONS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        April 17, 2015

PRESENT:  Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

    Following an eight-day trial in May and June of 2012, a jury found Defendant Rossahn Black guilty of three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and this Court sentenced him to 300 months of imprisonment. The Sixth Circuit Court of Appeals affirmed Defendant's conviction on direct appeal, *see United States v. Black,* 739 F.3d 931 (6th Cir. 2014), and the Supreme Court denied Defendant's petition for a writ of certiorari in an order entered on May 19, 2014, *see Black v. United States,* 134 S. Ct. 2326 (2014).

     To the extent that Defendant might wish to bring a motion under 28 U.S.C. § 2255 challenging the lawfulness of his conviction or sentence, this statute mandates that such a

motion must be filed within one year after "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), and the Sixth Circuit has explained that "for a federal prisoner who files a petition for certiorari with the Supreme Court," a conviction becomes "final" within the meaning of § 2255(f)(1) when the Supreme Court "either denies the petition or decides the case on the merits," *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir. 2001). In this case, then, the one-year limit for Defendant to seek relief under § 2255 is fast approaching, and Defendant has filed a number of recent motions with the Court in apparent aid of his plan to prepare and bring such a § 2255 challenge. As discussed below, however, Defendant has failed to identify a basis for the relief sought in these various motions.

In the first of these motions — submitted as a February 17, 2015 letter to the Clerk of the Court, but with language expressly asking that this letter be treated as a motion — Defendant seeks relief in advance from the one-year limit for bringing a § 2255 motion. Although this letter was filed with the Court well in advance of the one-year deadline,[1] Defendant evidently fears that he will be unable to meet this deadline, based in part on the current "lockdown" status of the federal prison in which he is incarcerated. (*See* Defendant's 2/17/2015 Letter at 1.) Accordingly, he asks for a 30-day extension of the usual one-year limit for seeking relief under § 2255, suggesting that some sort of "tolling"

---

[1] Notably, while Defendant states in his letter that the Supreme Court denied his petition for certiorari on April 18, 2014, the actual date of this denial was May 19, 2014. It appears, then, that Defendant is mistaken in his belief that he "ha[s] until April" of 2015 to file his § 2255 motion. (Defendant's 2/17/2015 Letter at 1.)

might provide the "proper vehicle" for this extension. (*Id.*)

It is true, to be sure, that a federal prisoner may appeal to the doctrine of equitable tolling to avoid the dismissal of an otherwise untimely § 2255 motion. *See Jones v. United States,* 689 F.3d 621, 626-27 (6th Cir. 2012). This doctrine, however, is to be "used sparingly" and "only if two requirements are met." *Jones,* 689 F.3d at 627 (internal quotation marks and citation omitted). "First, the petitioner must establish that he has been pursuing his rights diligently." 689 F.3d at 627 (internal quotation marks and citation omitted). Next, "the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." 689 F.3d at 627 (internal quotation marks and citation omitted). Given that the deadline for Defendant's anticipated § 2255 filing has not yet passed, he cannot hope to show at this juncture that he has pursued his rights diligently at all times prior to this deadline, nor that some extraordinary circumstance has already prevented him from meeting this future deadline. Rather, Defendant should continue to diligently pursue any desired challenges to his conviction or sentence and to prepare a § 2255 motion advancing these challenges, and he may return to the Court and seek the relief of equitable tolling if these diligent efforts should fail to result in a timely-filed motion. In that event, the Court could look to a complete record of the precise pre-filing circumstances and predicaments faced by Defendant in determining whether to apply the doctrine of equitable tolling.[2] At the moment, Defendant's appeal to this

---

[2] Most notably, to the extent that Defendant would rely on the "lockdown" status of his prison as impeding his ability to bring a timely § 2255 motion, the present record does not reveal

doctrine is premature, and ideally will prove unnecessary.

Next, Defendant has filed a pair of motions in which he seeks a variety of forms of relief that evidently are meant to assist him in his preparation and filing of a forthcoming § 2255 motion. In the first of these motions, filed on March 9, 2015, Defendant requests (i) copies of any orders issued by the Court bearing on Defendant's mental status or competency to stand trial, (ii) disclosure of various materials relating to a competency evaluation performed by Dr. Ron Nieberding, (iii) a copy of the complete docket sheet for this case, and (iv) appointment of counsel to assist him in pursuing a § 2255 challenge to his conviction.[3] Regarding Defendant's requests for the docket sheet and for orders issued in the course of these proceedings, Defendant is advised to contact the Clerk of the Court for copies of these materials, and to adhere to the standard procedures established by the Clerk for obtaining copies of court documents.[4]

---

such relevant considerations as when this lockdown was imposed, how long it lasted, or whether it remains in place. Indeed, Defendant conceded in his February 17 letter that it was "unclear how long the prison will be on 'lockdown' status." (Defendant's 2/17/2015 Letter at 1.)

[3]Defendant also seeks a variety of other relief that either need not or cannot be granted by the Court. First, while Defendant requests that the Court issue an order establishing standards that would govern competency evaluations performed by Dr. Nieberding in the future, he fails to suggest any legal basis upon which the Court could exercise such control over Dr. Nieberding's ongoing practice of psychology. Next, Defendant asks that his March 9, 2015 motion not be construed as brought under § 2255, and the Court agrees that this motion is properly viewed as preliminary to a request for relief under this statute. Finally, Defendant requests that the Court take "judicial notice" that Dr. Nieberding's assessment of his competency to stand trial was invalid. To the extent, however, that Defendant means to suggest that the purported invalidity of Dr. Nieberding's assessment provides a basis for setting aside his conviction, Defendant must pursue such a challenge in his forthcoming § 2255 motion.

[4]The Court notes that Defendant has misidentified at least one of the court documents sought in his motion. In particular, while Defendant refers to a "May 30, 2012" hearing at which

The remaining two requests in Defendant's March 9 motion are again premature. First, while Defendant seeks a variety of discovery concerning Dr. Nieberding's psychology practice — presumably in aid of his planned challenge to this psychologist's determination that he was competent to stand trial — the Sixth Circuit has rejected the notion that a convicted criminal defendant is entitled to wide-ranging discovery to explore possible grounds for a § 2255 challenge to his conviction, emphasizing that "[t]here is no general constitutional right to discovery in criminal cases." *United States v. Okai,* No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996); *see also Corrigan v. Thoms,* No. 02-5664, 55 F. App'x 754, 756 (6th Cir. Feb. 12, 2003) ("To the extent [the petitioner] wishes to mount a 'fishing expedition' for errors, the district court was not required to provide [him] with transcripts so that he might search for new post-conviction claims."). Rather, "a court must provide discovery in a habeas corpus proceeding only where *specific allegations* before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore[] *entitled to relief.*" *Lynott v. Story,* 929 F.2d 228, 232 (6th Cir. 1991) (internal quotation marks and citation omitted) (emphasis in original); *see also Cornell v. United States,* No. 09-4362, 472 F. App'x 352, 354 (6th Cir. March 26, 2012) (explaining that the "good cause" standard for discovery under Rule 6(a) of the Rules Governing Section

---

the Court addressed Defendant's competency to stand trial, (*see* Defendant's 3/9/2015 Motion for Issuance of Orders at 7), the hearing in question actually was held on April 26, 2010 before Magistrate Judge Morgan, and the Magistrate Judge then issued an April 29, 2010 order finding Defendant competent to stand trial.

5

2255 Proceedings is satisfied through "specific allegations showing reason to believe that the movant may, if the facts are fully developed, be able to demonstrate entitlement to relief" (internal quotation marks, citations, and alterations omitted)). Consequently, Defendant's request for discovery cannot be addressed in the abstract while no claim of unlawful confinement is yet pending, but instead must await assessment against the backdrop of specific allegations made in a § 2255 motion. *See Corrigan,* 55 F. App'x at 756; *Okai,* 1996 WL 549804, at *1. Similarly, while the Court is authorized in "the interests of justice" to appoint counsel to represent Defendant in his pursuit of relief under § 2255, *see* 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel), any such decision whether to appoint counsel must await the Court's opportunity to review the allegations and claims actually advanced in Defendant's forthcoming § 2255 motion.[5]

The last of Defendant's pending motions, filed on March 23, 2015, is largely duplicative of his March 9 motion, and once again fails to request any relief that may be granted by the Court at this juncture.[6] First, Defendant reiterates his dissatisfaction with Dr. Nieberding's evaluation of his competency to stand trial, and he asks that a hearing be

---

[5] The Court, of course, expresses no view as to the prospects of any future requests by Defendant for discovery or the appointment of counsel.

[6] To be accurate, Defendant has filed three additional motions since his March 23 submission, but none of these warrants anything beyond the barest mention. In two of these "motions," Defendant merely wishes to explain that due to the "lockdown" status of his prison, he has experienced difficulties with making copies of and serving his recent filings in this case. In the third of these motions, Defendant repeats the request for the appointment of counsel that he has already made in his earlier filings.

held pursuant to 18 U.S.C. § 4241(c) to reassess his competency. Yet, by its express terms, the statute cited by Defendant governs the determination of a defendant's competency to stand trial, and it dictates that any motion requesting this determination must be filed "prior to the sentencing of the defendant." 18 U.S.C. § 4241(a). Because Defendant has already stood trial and been convicted and sentenced, and because this conviction has been affirmed on appeal and is now final, a motion under § 2255 provides Defendant's sole avenue for relief from any alleged infirmities in his pretrial or trial proceedings. Next, while Defendant again requests the appointment of counsel to assist him in challenging his conviction, the Court already has explained that this request must accompany, or be preceded by, a § 2255 motion in which Defendant identifies the precise challenges he wishes to pursue.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's February 23, 2015 letter to the Court (docket #137), which the Court has construed as a motion for an extension of time within which to bring a motion under 28 U.S.C. § 2255, is DENIED as premature. Next, IT IS FURTHER ORDERED that Defendant's March 9, 2015 and March 23, 2015 motions for entry of orders (docket #s 138 and 139) are DENIED.

Next, IT IS FURTHER ORDERED that Defendant's March 27, 2015 motion for appointment of counsel (docket #141) is DENIED, but without prejudice to Defendant's opportunity to again seek this relief in connection with any motion under 28 U.S.C. § 2255 motion he might elect to file. Finally, IT IS FURTHER ORDERED that

Defendant's March 27, 2015 and April 2, 2015 motions to clarify service (docket #s 140 and 142) are DENIED as moot.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated: April 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 17, 2015, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5135