UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSSAHN BLACK,

    Petitioner,     Civil Case No. 15-11372
                                        Criminal Case No. 10-20225
v.                                          Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER DENYING
REMAINING CLAIMS ASSERTED IN PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE HIS SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 31, 2017    

PRESENT:   Honorable Gerald E. Rosen
                        United States District Judge

## I. INTRODUCTION

Following an eight-day trial in May and June of 2012, a jury found Petitioner Rossahn Black guilty of three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and this Court sentenced him to 300 months of imprisonment. The Sixth Circuit Court of Appeals affirmed Defendant's conviction on direct appeal, *see United States v. Black,* 739 F.3d 931 (6th Cir. 2014), and the Supreme Court denied Defendant's

petition for a writ of certiorari in an order entered on May 19, 2014, *see Black v. United States,* 134 S. Ct. 2326 (2014).

Through the present *pro se* motion brought under 28 U.S.C. § 2255 and filed on April 14, 2015, Petitioner challenges his conviction and sentence on twelve grounds, although these issues overlap to a certain extent:

(1) that the Court erred in admitting the testimony of psychiatrist Ron Nieberding, and in relying on Dr. Nieberding's report and testimony to determine that Petitioner was competent to stand trial (claims 1, 2, and 3);

(2) that trial counsel was ineffective in failing to object to Dr. Nieberding's testimony, and that appellate counsel likewise was ineffective in failing to challenge this testimony on direct appeal (claim 4);

(3) that trial counsel was ineffective in failing to request another competency hearing prior to Petitioner's sentencing, and that appellate counsel likewise was ineffective in not pursuing this issue on appeal (claim 5);

(4) that trial counsel was ineffective in failing to introduce certain mitigating evidence at sentencing (claim 6);

(5) that counsel for the Government engaged in prosecutorial misconduct at Petitioner's trial, and that trial and appellate counsel were ineffective in failing to object to this misconduct or pursue this issue on appeal (claim 7);

(6) that Petitioner was improperly sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that his sentencing and appellate counsel were ineffective in failing to object to this sentencing error or pursue this matter on appeal (claim 8);

(7) that the evidence at trial was insufficient to sustain Petitioner's felon-in-possession convictions (claims 9 and 10);

(8) that Petitioner's Fifth Amendment protection against double jeopardy was violated through his trial and conviction in this case for conduct that was the subject of a prior state court conviction (claim 11); and

(9) that Petitioner's trial and appellate counsel provided ineffective assistance in the various respects identified in Petitioner's other claims (claim 12).

The Government filed a response in opposition to Petitioner's motion on June 26, 2015, and Petitioner filed a reply in further support of his motion on September 22, 2015.

In two motions filed after his initial § 2255 petition, Petitioner sought leave to amend his initial filing in order to assert a claim based on the Supreme Court's recent decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015). The Government acknowledged in a September 28, 2015 response that Petitioner was no longer eligible for sentencing under the ACCA in light of *Johnson,* and the Court thereafter issued a December 12, 2016 order (i) granting Petitioner's § 2255 motion to the extent that it seeks relief under *Johnson,* (ii) vacating Petitioner's sentence, and (iii) setting a date for Petitioner's resentencing. This resentencing hearing was held on January 17, 2017, and Petitioner was sentenced to terms of imprisonment of 120 months, 66 months, and 66 months on his three counts of conviction, with these sentences to be served consecutively.

As stated in the Court's December 12, 2016 order, the remaining claims

asserted in Petitioner's initial § 2255 motion remain pending. Although the relief sought in claim 8 is now moot in light of Petitioner's resentencing, Petitioner's other claims are ripe for adjudication. For largely the reasons set forth in the Government's response to Petitioner's § 2255 motion, the Court finds that Petitioner's remaining claims do not warrant relief from his conviction or sentence.

## II. ANALYSIS

**A.     Petitioner Has Procedurally Defaulted Claims 1-3, 5, 7, and 9-11.**

As observed by the Government in its response to Petitioner's § 2255 motion, claims not raised on direct appeal generally cannot be pursued in a collateral § 2255 proceeding. *Massaro v. United States,* 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003). The Government further observes that in this case, several of Petitioner's claims have been asserted for the first time in his § 2255 motion, and were not raised on direct appeal:

- claims 1 through 3, alleging errors in the admission of Dr. Nieberding's testimony and in the Court's reliance on this testimony to determine that Petitioner was competent to stand trial;

- claim 5, alleging that another competency hearing should have been held prior to Petitioner's sentencing;

- claim 7, alleging prosecutorial misconduct;

- claims 9 and 10, alleging insufficient evidence to sustain Petitioner's felon-in-possession convictions; and

- claim 11, alleging that one of Petitioner's convictions violated his constitutional protection against double jeopardy.

To avoid a finding that he has procedurally defaulted these claims, Petitioner must show cause and prejudice. *See Massaro,* 538 U.S. at 504, 123 S. Ct. at 1693. This, in turn, entails a demonstration (i) that "some objective factor external to the defense" prevented Petitioner from raising the claim at issue prior to the present motion, *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S. Ct. 2546, 2566 (1991) (internal quotation marks and citation omitted), and (ii) that the error giving rise to this claim "worked to [Petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," *United States v. Frady,* 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982) (emphasis omitted).

As to claims 9 through 11, the Government correctly points out that Petitioner has made no effort to show cause that could excuse his procedural default of these claims. Accordingly, the Court need not address these claims any further. As for claims 1 through 3, 5, and 7, Petitioner asserts that his counsel's ineffectiveness was the cause of his procedural default of these claims, and this contention is judged by resort to the familiar standards of *Strickland v. Washington,* 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984) — *i.e.,* "whether

5

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Petitioner's required showing under *Strickland* has two components. First, he must show that his counsel made errors that were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the Court's inquiry whether counsel met this standard "must be highly deferential" and must endeavor to "eliminate the distorting effects of hindsight." *Strickland,* 466 U.S. at 687, 689, 104 S. Ct. at 2064-65. Next, Petitioner must show that his counsel's errors "were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." 466 U.S. at 687, 104 S. Ct. at 2064.

Turning first to claims 1 through 3, in which Petitioner challenges the admission of Dr. Nieberding's testimony and the Court's reliance on this testimony in assessing Petitioner's competence to stand trial, the Court cannot say that Petitioner's trial or appellate counsel provided ineffective assistance as to these claims. As the Government points out, Petitioner's trial counsel affirmatively moved to exclude Dr. Nieberding's testimony, so it cannot be said that counsel altogether failed to consider whether to challenge this testimony or to bring purported infirmities in this testimony to the attention of the Court.

Moreover, Petitioner's complaints about this testimony in his present

motion focus largely on the fact that Dr. Nieberding did not himself conduct each of the tests that he considered in arriving at his opinion as to Petitioner's competency, but that certain of these tests instead were conducted by Lisa Forrester, a doctoral student under Dr. Nieberding's supervision who was in training to be a psychologist. (*See* 4/26/2010 Competency Hearing Tr. at 16-17; 5/31/2012 Trial Tr. at 933, 938, 984-87.) This challenge goes largely to the weight of Dr. Nieberding's testimony, and not its admissibility, and the Court notes that this alleged weakness in this testimony was brought out and explored at both Petitioner's competency hearing and at trial. Indeed, the Court itself questioned Dr. Nieberding on this point at trial, eliciting his acknowledgment that the accuracy of test results depends to some extent on the skill of the individual administering the test. (*See* 5/31/2012 Trial Tr. at 985-87.) Thus, the jury was well aware of the purported infirmity in Dr. Nieberding's testimony that Petitioner cites in support of claims 1 and 2 in his motion.

To be sure, Petitioner contends in support of claim 3 that Dr. Nieberding's testimony as to tests that he himself did not perform ran afoul of the Sixth Amendment's Confrontation Clause as construed by the Supreme Court in *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 129 S. Ct. 2527 (2009), and *Bullcoming v. New Mexico,* 564 U.S. 647, 131 S. Ct. 2705 (2011), and thus should

have been excluded. This constitutional challenge, however, rests upon a number of unsettled points of law, and Petitioner's counsel's election not to pursue it can hardly be deemed constitutionally deficient performance. First, to the extent that Petitioner complains of the admission of Dr. Nieberding's testimony at a pretrial competency hearing and the Court's reliance on this testimony to determine that Petitioner was competent to stand trial, it is debatable whether the Sixth Amendment right of confrontation applies in pretrial competency hearings. *See United States v. Hamilton,* 107 F.3d 499, 505-06 (7th Cir. 1997) (surveying the pertinent case law and finding that this question remains unsettled); *Ciavone v. Mackie,* No. 11-14641, 2014 WL 354515, at *12 (E.D. Mich. Jan. 31, 2014) (determining that no clearly established Supreme Court law resolves this question); *see also Kentucky v. Stincer,* 482 U.S. 730, 744-47, 107 S. Ct. 2658, 2666-68 (1987) (finding that the defendant's exclusion from a pretrial hearing to determine the competency of child witnesses to testify at the defendant's trial did not violate his rights under the Confrontation Clause or his right to due process).

Next, the Supreme Court's recent Confrontation Clause rulings do not resolve the question whether a supervisor may testify at trial regarding the results of a test performed by another employee under his supervision. Indeed, the deciding fifth vote in *Bullcoming* was provided by Justice Sotomayor, who

expressly observed that "this is not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue." *Bullcoming,* 564 U.S. at 672, 131 S. Ct. at 2722 (Sotomayor, J., concurring in part). Thus, the courts have recognized that it remains an open question whether someone in Dr. Nieberding's position may testify as to a test conducted by a subordinate employee under his supervision. *See, e.g., Grim v. Fisher,* 816 F.3d 296, 307-10 (5th Cir. 2016); *United States v. James,* 712 F.3d 79, 102 (2d Cir. 2013); *United States v. Johnson,* No. 12-51238, 558 F. App'x 450, 452-53 & n.3 (5th Cir. March 17, 2014). In addition, the Supreme Court has emphasized that the Confrontation Clause mandates the exclusion of evidence only to the extent that it is "testimonial," *Crawford v. Washington,* 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004), and a review of Dr. Nieberding's trial testimony fails to disclose any instance in which he expressly informed the jury of the findings made or test results obtained by the doctoral student under his supervision. Against this backdrop, the Court cannot say that Petitioner's counsel's failure to pursue a Confrontation Clause challenge to Dr. Nieberding's testimony reflected performance outside "the wide range of reasonable professional assistance" required under *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065.

Even assuming otherwise, however, and even assuming that counsel could have prevailed in this Confrontation Clause challenge, the Court finds that Petitioner cannot satisfy the "prejudice" prong of the *Strickland* standard. In Petitioner's direct appeal, he challenged various rulings by this Court at trial "with respect to evidence that bore upon the issue of whether [Petitioner] suffered from a severe mental disease or defect." *Black,* 739 F.3d at 933. The Sixth Circuit held that any such errors were "harmless because the evidence overwhelmingly establishes that [Petitioner] had the capacity to appreciate the wrongfulness of his acts." 739 F.3d at 933. Because the Government called Dr. Nieberding as a rebuttal witness to contest Petitioner's insanity defense, the very same "overwhelming[]" evidence cited by the Sixth Circuit on Petitioner's direct appeal surely dictates that Petitioner was not prejudiced by his counsel's failure to move for the exclusion of Dr. Nieberding's testimony. It follows that Petitioner cannot overcome the procedural default of his challenges in claims 1 through 3 to the admission of this testimony.[1]

Turning next to claim 5, Petitioner may excuse his procedural default of this claim only by showing that his counsel performed ineffectively in failing to

---

[1]This same reasoning defeats Petitioner's claim 4, in which he pursues a standalone claim of ineffective assistance of trial and appellate counsel by virtue of the failure to contest the admissibility of Dr. Nieberding's testimony at trial or on appeal.

request another competency hearing before sentencing. As the Government observes, however, this issue was thoroughly litigated before trial at the request of Petitioner's trial counsel, and Petitioner's assertion of an insanity defense resulted in his evaluation by additional mental health professionals, none of whom opined that Petitioner was incompetent to stand trial. Moreover, nothing at the sentencing hearing called Petitioner's competency into question; to the contrary, the Government points out that Petitioner even arranged to act as his own lawyer as to one issue at sentencing. (*See* 10/4/2012 Sentencing Hearing Tr. at 24-31.) Accordingly, neither trial nor appellate counsel provided ineffective assistance by electing not to pursue this matter, and Petitioner's claim 5 thus is procedurally defaulted.

It remains only to consider whether Petitioner can overcome his procedural default of claim 7 by demonstrating the ineffective assistance of trial or appellate counsel with respect to this claim. As a threshold matter, however, the Government correctly explains that Petitioner has not identified any viable examples of prosecutorial misconduct, much less shown that counsel performed ineffectively by failing to object to these instances of alleged misconduct. While Petitioner complains that a law enforcement witness arrived in court to testify while still in uniform, he fails to explain how this reflects misconduct by the

prosecutor — and, in any event, the Government notes that the Court instructed the jury not to let this uniform affect the weight given to this witness's testimony. Next, Petitioner suggests that the Assistant U.S. Attorney improperly vouched for a witness in his closing argument, but the statement in question was merely a permissible appeal to the jury to rely on its common sense. Finally, as for Petitioner's complaints about the admission of evidence concerning his prior convictions, these are claims of evidentiary error, not prosecutorial misconduct.[2] Accordingly, because Petitioner's various claims of prosecutorial misconduct lack merit, his counsel did not provide ineffective assistance by failing to pursue these matters. It follows that Petitioner's claim 7 is procedurally defaulted.

**B.    Petitioner's Claim of Ineffective Assistance of Counsel at Sentencing Lacks Merit.**

Turning finally to claim 6 in Petitioner's § 2255 motion, Petitioner contends that his counsel provided ineffective assistance at his sentencing by failing to introduce mitigating evidence concerning his mental condition that might have led the Court to consider a downward departure under § 5H1.3 of the U.S. Sentencing

---

[2]Moreover, the Government observes that Petitioner raised this evidentiary challenge on appeal, (*see United States v. Black,* No. 12-2373, Brief on Appeal at 30-32), and he therefore cannot relitigate this issue in his present § 2255 motion. *See DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996).

Guidelines.[3] Yet, the record at trial was replete with evidence relating to Petitioner's mental condition, so it can hardly be said that the Court was unaware of this consideration as it determined Petitioner's sentence. Moreover, the materials submitted by Petitioner's counsel to the Court in preparation for Petitioner's sentencing made ample reference to the mental health of Petitioner and members of his family, and counsel also addressed this specific subject at the sentencing hearing. (*See* 10/4/2012 Sentencing Hearing Tr. at 32-36.) Indeed, the Court itself stated that it had a "great deal of sympathy" for Petitioner, but further explained that this was offset by "concern[] about protecting the community" in light of Petitioner's "long history of violent conduct" and demonstrated inability to "control himself." (*Id.* at 36-37.) Accordingly, there is no basis for Petitioner's claim that his counsel performed ineffectively by failing to introduce mitigating evidence at sentencing.

### C. Petitioner's § 2255 Motion Does Not Present Any Factual Issues That Would Warrant an Evidentiary Hearing.

Finally, the Court turns briefly to Petitioner's request for an evidentiary hearing. Although a hearing is required if there is a material factual dispute in the

---

[3] Petitioner also cites § 5K2.12 of the Guidelines as providing an additional basis for a downward departure, but the record is devoid of evidence that could trigger the application of this Guideline provision here.

record, a § 2255 movant is not entitled to an evidentiary hearing "if the files and records of the case conclusively show that [the petitioner] is not entitled to relief." *Ross v. United States,* 339 F.3d 483, 490 (6th Cir. 2003) (internal quotation marks and citation omitted). As the foregoing discussion makes evident, Petitioner's claims do not give rise to any factual disputes, but instead may be (and have been) conclusively resolved by resort solely to the existing record. Consequently, there is no need for an evidentiary hearing in this § 2255 proceeding.

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's two motions (docket #s 157 and 165) to amend his § 2255 motion to assert a claim under *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015), are GRANTED, as indicated in the Court's prior December 12, 2016 order. IT IS FURTHER ORDERED that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (docket #144) is GRANTED IN PART, as reflected in the Court's December 12, 2016 order, and is otherwise DENIED.

Next, IT IS FURTHER ORDERED that Petitioner's various motions seeking discovery, the appointment of counsel, and other forms of relief relating to his § 2255 motion (docket #s 143, 160, and 163) are DENIED.

Finally, IT IS FURTHER ORDERED that, in the event that Petitioner might seek to appeal any of the Court's rulings in the present opinion and order, a certificate of appealability should be DENIED as to each claim asserted in Petitioner's § 2255 motion, apart from his claim arising from the Supreme Court's decision in *Johnson*, where (i) Petitioner has failed to make a substantial showing of the denial of a constitutional right, and (ii) the Court's determination as to the unavailability of § 2255 relief is not reasonably open to debate under the facts presented here.

                                                  s/Gerald E. Rosen
                                                  United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135