F I L E D

JAN - 2 2020

CLERK'S OFFICE
DETROIT

A.O. 243
REV 6/82

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District EASTERN DISTRICT OF MICHIGAN | |
|---|---|---|
| Name of Movant ROSSAHN BLACK | Prisoner No. 44054-039 | Docket No. Originating Case No. |
| Place of Confinement | | 2:10-cr-20225-1 |

(include name upon which convicted)

UNITED STATES OF AMERICA     V.     ROSSAHN BLACK
(full name of movant)

MOTION

1. Name and location of court which entered the judgment of conviction under attack **United States District Court for the Eastern District of Michigan, 231 West Lafayette Blvd., Detroit, MI 48226.**

2. Date of judgment of conviction **January 17, 2017 (Resentencing and New Judgement from Original (Judgement of Conviction and Senetence (10/16/12).**

3. Length of sentence **252 months (all Counts Consecutive).**

4. Nature of offense involved (all counts) **Count 1, 18 U.S.C. § 922(g)(Felon in Possession of a Firearm); Count 2, 18 U.S.C § 922(g)(Felon in Possession of a Firearm); Count 3, 18 U.S.C. § 922(g)(Felon in Possession of a Firearm).**

5. What was your plea? (Check one)
   (a) Not guilty ☒ This January 17, 2017 proceeding was a resentencing hearing after the original
   (b) Guilty ☐ Judgement of Conviction and Sentence entered on (10/16/12).
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   **Defendant's sentence was vacated on December 12, 2016, as a result of his first § 2255 petition, based on the U.S. Supreme Court's decision in Johnson v. United States, _ U.S. _, 135 S.Ct. 2551 (2015), striking down § 924(e)'s ACC residual clause.**

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☒ **Resentencing on January 17, 2017 (New Judgement).**

7. Did you testify at the trial?
   Yes ☐ No ☒ **At the original trial, yes. Then this instant petition is based on the January 17, 2017 resentencing.**

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐ **Appealed the January 17, 2017, § 2255/resentencing, and resulting New Judgement.**

AO 243
REV 6/82

9.  If you did appeal, answer the following:

   (a) Name of court _United States Court of Appeals for the Sixth Circuit, 100 E. Fifth Street, Cincinati, Ohio 45207._

   (b) Result _Affirmed._

   (c) Date of result  _January 16, 2018._

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
   Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1)  Name of court  _United States Court of Appeals for the Sixth Circuit_

   (2) Nature of proceeding  _Direct appeal from the Original Judgement of Conviction and Sentence_
   _entered on October 16, 2012, in this instant matter._

   (3) Grounds raised _Competency Evaluation errors and Sentencing errors._

   _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐ No ☒  _This was the first Direct Appeal, with no oral argument_

   (5) Result  _Original/First Direct Appeal was affirmed on January 15, 2014._

   (6) Date of result  _January 15, 2014._

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court _This was the first § 2255 Motion, U.S. District Court for the Eastern District of Michigan._

   (2) Nature of proceeding  _First § 2255—habes (Post Conviction) corpus petition, following the_
   _affirmance of the Original/First Direct Appeal, affirmed on January 15, 2014._

   (3) Grounds raised  _Defendant's § 924(e) ACC sentence was unconstitutional, pursuant to the_
   _United States Supreme Court's decision in Johnson v. United States,   U.S.   ,135 S.Ct. 2551 (2015)._

   _____

   _____

   _____

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒ No ☐

(5) Result __Granted.__

(6) Date of result __December 12, 2016.__

(c) As to any third petition, application or motion, give the same information:

(1) Name of court __United States Court of Appeals for the Sixth Circuit.__

(2) Nature of proceeding __Appeal from the New Judgement entered on December 12, 2016,__ as a result of the granting of the § 2255 motion pursuant to __Johnson, 135__ __S.Ct. 2551 (2015), and this appeal was an application for COA (Certificate of Appealability).__

(3) Grounds raised __Sentence after Johnson resentencing exceeds statutory maximum__ __for 18 U.S.C. § 922(g) offense.__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒  __This was an appeal from the New § 2255 Judgement, with no oral argument.__

(5) Result __Certificate of Appealability denied.__

(6) Date of Result __October 16, 2018.__

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion? __Yes.__

(1) First petition, etc.        Yes ☒ No ☐
(2) Second petition, etc.    Yes ☒ No ☐
(3) Third petition, etc.       Yes ☒ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

__NOT APPLICABLE.__

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: See Defendant's/Movant's Attached "Memorandum of Grounds for Relief and Supporting Facts," for Ground One.

Supporting FACTS (tell your story *briefly* without citing cases or law: See attached, as cited above.

B. Ground two: See Defendant's/Movant's Attached "Memorandum of Grounds for Relief and Supporting Facts," for Ground Two.

Supporting FACTS (tell your story *briefly* without citing cases or law): See attached, as cited above.

C. Ground three: See Defendant's/Movant's Attached "Memorandum of Grounds for Relief and Supporting Facts," for Ground Three.

Supporting FACTS (tell your story *briefly* without citing cases or law): See attached, as cited above.

AO 243
REV 6/12

D. Ground four:  See Defendant's/Movant's Attached "Memorandum of Grounds for Relief and Supporting Facts," for Ground Four.

Supporting FACTS (tell your story *briefly* without citing cases or law): See attached, as cited above.

E. Ground Five: See Defendant's/Movant's Attached "Memorandum of Grounds for Relief and Supporting Facts," for Ground Five.

Supporting Facts:  See attached, as cited above.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: This is a new § 2255 petition, from a new Judgement entered on January 17, 2017, for which the Defendant/Movant has a new start at issues for which he seeks § 2255 habeas relief. Alternatively, Defendant's/Movant's attorney rendered ineffective assistance with respect to each ground for relief raised herein, in this instant § 2255 Motion, and thus § 2255 is the appropriate vehicle.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack? Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing James R. Gorometta, Loren E. Khogali, Office of the Federal Public Defender, 613 Abbott, 5th Floor, Detroit, Michigan 48226.

(b) At arraignment and plea Same.

(c) At trial Same.

(d) At sentencing Same.

AO 243
REV 6/82

(e) On appeal C. Ransom Hudson, Law Office, 639 Main Street, Cincinnati, Ohio
45202.

(f) In any post-conviction proceeding Nicole L. Smith, Foorest and Smith Law Offices, 3939
Van Horn Road, Trenton, Michigan 48181.

(g) On appeal from any adverse ruling in a post-conviction proceeding Same. (Nicole Smith).

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: NOT APPLICABLE.

(b) Give date and length of the above sentence: January 17, 2017, 252 months.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐         NOT APPLICABLE.

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

"Not Applicable"
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

December 13, 2019
(date)

_____
Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

                                    :
UNITED STATES OF AMERICA,
                    Plaintiff-Respondent,    :

v.                                  :   Crim. No. 10-20225
                                        Civ. No. _____
ROSSAHN BLACK,                      :   Hon. Gerald E. Rosen
                    Defendant-Movant.
                                    :

                        oooOooo

FILED
JAN - 2 2020
CLERK'S OFFICE
DETROIT

DEFENDANT'S MEMORANDUM OF GROUNDS FOR RELIEF AND
THEIR SUPPORTING FACTS

Comes Now, the Defendant-Movant, in this instant matter and presents his
Grounds for relief, Grounds One through Five, and their supporting facts, in
conjunction with his accompanying Motion to Vacate, Set Aside, Or Correct Sen-
tence, pursuant to 28 U.S.C. § 2255, in this instant matter.

GROUND ONE: THE DEFENDANT IS FACTUALLY INNOCENT AND HIS DUE PROCESS RIGHTS WERE
INFRINGED WHERE THE ACTUAL FACTS, AS WELL AS THE RECORD EVIDENCE, IS CONTRARY
TO THE PROOF BEYOND A REASONABLE DOUBT THAT HIS FIREARM POSSESSION, IN THE IN-
STANCES CHARGED IN COUNTS 1 AND 2, WAS NOT CONTINUOUS AND/OR UNINTERRUPTED, AND
TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE IN FAILING TO INVESTIGATE, CHAL-
LENGE, AND PRESERVE THIS ISSUE WHICH PREJUDICED DEFENDANT PROCEDURALLY AND IN-
CREASED HIS ULTIMATE SENTENCE BEYOND THAT OTHERWISE APPLICABLE.

Supporting Facts:

On December 4, 2009, the Defendant drove, in his car (which contained, in the
trunk, firearms described as: a Wolf 7.62 caliber, Walther P99S 9 milimeter pis-
stol, bearing serial number BS071500139; a Maverick Arms 12 guage shotgun, bearing
serial number MV03495C; a Romarm Draco 7.62 caliber pistol, bearing serial num-
ber DR-4261-09; a Smith & Wesson .44 caliber revolver, bearing serial number CDH5393;
a Glock Model 30 BSA. .45 caliber pistol, bearing the serial number HGM361; and
a Jimenez Arms, Model J.A. 380, .380 caliber pistol, bearing serial number 047402.
For a total of six firearms) to the "Wolverine Shooting Sports Store," located
Brownstown, Michagan, and in the company of Anthony Pugh, who was a passenger

2

in Defendant's car and was accompanying him to the Wolverine Store, where the Defendant had been specifically going to have a firearm slide (the slide action part of a firearm) fixed, which slide part was compatible with a Para Ordnance semi-automatic pistol, and to purchase sights for such a firearm. The Defendant left all of the afore mentioned firearms in the trunk of the car, with Mr. Pugh, and entered the Wolverine Store unarmed, except for the defective firearm slide. When the Defendant exited the Wolverine Store, he left the firearm slide in the store and did not return. (See Defendant's Sworn Statement and Affidavit, attached hereto as Exhibit 1).

Then, several days later, on December 7, 2009, the Defendant was pulled over in his car, based on a traffic stop, by Highland Park, Michigan Police Officers, who conducted a record check and discovered Defendant did not have a valid driver's license. A search of the car was conducted and officers found, in the trunk, the firearms cited above. ATF agents who were called in, and interviewed Defendant, were told by the Defendant that he had a "legal and religious right to possess the shotgun and pistols for a mission to protect Muslims from violent crimes." Which is the same statement and explanation that the Defendant had given to Anthony Pugh, on December 4, 2009, several days prior, when they had traveled together to the Wolverine Shooting Store. (See Defendant's Affidavit, id. at ¶ 1, page 1).

And prior to trial, Defendant directed his appointed counsel, James Gerometta, to locate Anthony Pugh, who could verify that Defendant did not carry a firearm into the Wolverine Store on December 4, 2009; that the firearms discovered in the trunk of Defendant's car on December 7, 2009, were the same firearms that were in the trunk of the car when he and the Defendant had traveled to the Wolverine Store on December 4, 2009; and that he and Defendant discussed the firearms and that Defendant explained that he (Defendant) had a legal

3

and religious right to possess the firearms, as well as Defendant's United States Citizenship and Military background authorized his possession of the firearms. (Defendant's Affidavit, id. at ¶ 2, page 1-2). The Defendant further explained to counsel Gerometta that Pugh's testimony would establish/cooberate not only that the firearms discovered in his trunk, on December 7, 2009, were continuously possessed from December 4, 2009, when he and Pugh traveled with them in the trunk to the Wolverine Store, but that Defendant was not aware of his prohibited status, and believed he had a legal, religious, U.S. Citizenship, and Military background right to possess the firearms to "protect Muslims" within his faith. Id. at ¶ 2, page 2. Counsel Geromatta advised the Defendant that "because Mr. Pugh could also be charged with possession of the firearm (that is, incriminate himself), he (Mr. Pugh) would more that likely not be willing to come forward and testify for the Defendant." And that, "in any event, Mr. Pugh could not prove, for certain [Defendant]'s state of mind, as to the legality of possessing the firearms." Id.

Throughout the Defendant's criminal prosecution, counsel Gerometta did not execute Defendant's direct orders to investigate, locate, and present Mr. Pugh as a defense witness, and his exculpatory testimony, nor did counsel Gerometta challenge the multiple possession allegations or preserve the issue for higher review, as also directed by the Defendant. (Affidavit, id. at ¶ 2, page 2 ). As well, Appellate Counsel, C. Ransom Hudson, failed to present the Anthony Pugh/ continuous possession and state of mind (that is, knowledge of Defendant's prohibited status on possessing a firearm) issue in his direct appeal case, after the Defendant had explained the facts and circumstances to him (Counsel Ransom) and expressly directed him to brief the issue. Id. at ¶ 2, page 2.

GROUND TWO: THE IS FACTUALLY INNOCENT AND HIS DUE PROCESS RIGHTS WERE INFRINGED WHERE THE ACTUAL FACTS, AS WELL AS THE RECORD EVIDENCE IS CONTRARY TO ACTUAL PROOF AND PROOF BEYOND A REASONABLE DOUBT THAT DEFENDANT DID IN FACT POSSESS A

4

AND PRODUCED AN OPERABLE FIREARM AT THE "WOLVERINE SHOOTING SPORTS STORE," ON DECEMBER 4, 2009, AS CHARGED IN COUNT 2, AND TRIAL COUNSEL AND APPELLATE COUNSEL WERE INEFFECTIVE IN FAILING TO INVESTIGATE, CHALLENGE, AND PRESERVE THIS ISSUE, WHICH PREJUDICED DEFENDANT PROCEDURALLY AND INCREASED HIS SENTENCE BEYOND THAT OTHERWISE POSSIBLE.

Supporting Facts:

The Supporting Facts here are the same as those presented above, in Ground One, and thus are incorporated and referenced herein, in its entirety (including Defendant's Affidavit, accompanying this instant Motion, at ¶'s 1, 2, page 2), in this Ground Two.

GROUND THREE: THE DEFENDANT'S INDICTMENT ON COUNT 3 WAS UNTIMELY AS A RESULT OF PREINDICTMENT DELAY, AND THUS HIS CONVICTION SUFFERED ON COUNT THREE VIOLATED DEFENDANT'S DUE PROCESS RIGHTS WERE DEFENDANT WAS PREJUDICE FROM THE DELAY AND HIS TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING DEFENDANT'S EXPRESS ORDERS TO CHALLENGE THE UNTIMELINESS AND PRESERVE AND PRESENT THE ISSUE IN HIS DIRECT APPEAL.

Supporting Facts.

On April 28, 2011, the Defendant was charged with Count Three in a three-count First Superseding Indictment, which alleged that the Count Three conduct (charging Felon in Possession of a Firearm, 18 U.S.C. § 922(g)) took place on or about February 5, 2008, in the Eastern District of Michigan.

On February 5, 2008, the Defendant was arrested by Washtenaw County, Michigan Police and charged with State firearms violations. And in 2009, the Defendant accepted a no contest plea to the February 5, 2008 state firearms violations, in the Circuit Court of Ann Arbor, Michigan. The conviction was in open court and the record was available to the public.

At and or around the time of Defendant's arrest for the State firearm violation, on February 5, 2008, the Defendant had conversations with Anthony Pugh, in which Defendant revealed to Mr. Pugh his understanding that he had a right to possess/bear arms to protect Muslims of his faith. Defendant explained to Mr. Pugh that he was on a religious mission, as well as his (Defendant's) U.S. Military background gave him the right the possess firearms

Military background and U.S. Citizenship gave him the right to possess the fire-
arms, Mr. Pugh responded several times during the conversation, stating that:
either the Defendant was "crazy or stupid" in his outlook on having to "protect
Muslims" and himself with a cache of guns. (Defendant's Affidavit, id. at ¶ 1,
page 1). Later, Defendant made the same statement (concerning his intent, only,
to protect himself and Muslims, and his understanding that he had a legal and
religious right to possess firearms in that capacity) to the Highland Park Po-
lice Officers who arrested Defendant with the cache of firearms in the trunk of
his car, on December 7, 2009. Id. at ¶ 2, page 2.

And prior to Defendant's federal trial in this matter, Defendant directed
appointed counsel, James Geromatta, to challenge the Count Three (State fire-
arm conduct from February 5, 2008) allegations as untimely and in violation of
Defendant's right against preindictment delay. The Defendant also reiterated to
Mr. Gerometta the need to investigate, locate, and call for the defense, Mr. Pugh,
who could corroborate/establish the Defendant's state of mind and non-knowledge
of his prohibited status with respect to possessing firearms. Id. at ¶ 3, page
3. Mr. Gerometta simply repeated his earlier reasons to the Defendant for de-
clining Defendant's orders to challenge the indictment and call Mr. Pugh in sup-
port thereof: that, "because Mr. Pugh could also be charged with possession of
the firearms" charged in the indictment, "Mr. Pugh would more than likely not
be willing to come forward and testify for the Defendant." Id. at ¶ 2, page 2.

At no time, throughout Defendant's federal, criminal prosecution in this
matter, did counsel Gerometta investigate, locate, and present Mr. Pugh and his ex-
culpatory testimony nor challenged Count Three as untimely, or preserve the
issue for higher review. (Defendant's Affidavit, at ¶ 2, page 2). Neither did
Defendant's appellate counsel, C. Ransom Hudson, present the preindictment de-
lay issue (on Count Three), and the enjoining Anthony Pugh evidence, in the

6

direct appeal, as directed of him by the Defendant. Id. at ¶'s 2, 3, pages 1,2,3.

GROUND FOUR: THE DEFENDANT'S DUE PROCESS RIGHTS TO A FAIR TRIAL AND NOTICE, AND TO EFFECTIVE ASSISTANCE OF COUNSEL WERE INFRINGED WHEN HE WAS CONVICTED OF POS-SESSING A FIREARM BY CONVICTED FELON, ALLEGED IN COUNTS 1-3, BUT WHERE APPEL-LANT WAS NOT AWARE OF HIS FEDERAL PROHIBITED STATUS, AND WHERE THE TRIAL COURT DID NOT INSTRUCT THE JURY THAT DEFENDANT'S KNOWLEDGE OF HIS PROHIBITED STATUS WAS AN ELEMENT OF THE OFFENSE AND REQUIRED FOR CONVICTION, AND WHERE TRIAL COUNSEL AND APPELLATE COUNSEL FAILED TO CHALLENGE THE ISSUE EITHER IN THE TRIAL COURT OR ON DIRECT APPEAL, AS DIRECTED TO DO SO BY THE DEFENDANT.

Supporting Facts.

The Supporting Facts here are the same as those presented above, in Grounds One and Three, and thus are incorporated and referenced herein, in their en-tirety (including Defendant's Affidavit, accompanying this instant Motion, at ¶'s 1, 2, pages 1-3), in this Ground Four.

GROUND FIVE: THE DEFENDANT'S DUE PROCESS RIGHTS TO NO MORE THAN THE STATUTORILY MANDATED PUNISHMENT FOR THE OFFENSE LISTED IN 18 U.S.C. § 922(g), AND TO EF-FECTIVE ASSISTANCE OF COUNSEL WERE INFRINGED WHEN THE TRIAL COURT SENTENCED THE DEFENDANT TO A GUIDELINE SENTENCE OF 252 MONTHS FOR THE CONDUCT ALLEGED IN COUNTS 1-3, WHICH WERE CONTINUOUSLY POSSESSED FIREARMS, AND THUS 132 MONTHS BE-YOND THE STATUTORILY MANDATED MAXIMUM OF 120 MONTHS FOR THE CONDUCT ALLEGED IN THE INDICTMENT, AND WHERE TRIAL OR APPELLATE COUNSEL DID NOT CHALLENGE THE SENTENCE UPON THIS SPECIFIC GROUND/BASIS AS DIRECETD OF THEM BY DEFENDANT.

Supporting Facts.

The Defendant incorporates and presents as reference herein, the Support-ing Facts presented above in Grounds One through Three, in their entirety (in-cluding Defendant's Affidavit, accompanying this instant Motion, at ¶ 2, page 2), in this Ground Five.

GROUND SIX: THE DEFENDANT'S DUE PROCESS AND INDICTMENT CLAUSE RIGHTS AND THOSE TO EFFECTIVE ASSISTANCE OF COUNSEL WERE INFRINGED WHEN THE DEFENDANT'S INDICT-MENT WAS RETURNED MORE THAN THE MANDATED 30 DAYS AFTER HIS INITIAL APPEARANCE BEFORE THE DISTRICT COURT, ON DECEMBER 8, 2009, AND WHERE TRIAL AND APPELLATE COUNSEL DID NOT OBJECT, CHALLENGE, OR PRESENT THE ISSUE FOR REVIEW, AFTER BEING DIRECTED TO DO SO BY THE DEFENDANT.

Supporting Facts.

On December 8, 2009, a Criminal Complaint, under Docket Number 10-CR-20225-1, was filed in the United States District Court for the Eastern District of

Michigan. The Complaint charged the Defendant with Felon in Possession of a firearm, on or about December 7, 2009, in violation of 18 U.S.C. § 922(g)(1). On this same date, the Defendant made his initial appearance, with counsel, before United States Magistrate Judge Virginia M. Morgan. The Defendant was temporarily detained pending the outcome of a detention hearing set for December 9, 2009. A detention hearing was not held on December 9, 2009, but on May 3, 2010, where the Defendant again appeared with counsel, before Magistrate Judge Morgan, and was arraigned on a one-count indictment that was returned on April 29, 2010, and where Defendant entered a plea of not guilty, and at which time bond was denied.

Then on April 28, 2011, the Defendant, having been continuously detained since his arrest on December 7, 2009, was named in a three-count First Superseding Indictment, charging Counts 1 through Three, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). And the Defendant again entered a plea of not guilty, and again was detained without bond.

At no time, throughout Defendant's federal, criminal prosecution in this matter, did counsel Gerometta execute Defendant's express order to object to his continued detention and federal prosecution on the ground and basis that the indictment was not returned until 141 days after Defendant's initial appearance, on December 8, 2009, and where the Defendant did not waive his 30 day indictment clause right nor gave counsel Gerometta permission to do so. As well, the Defendant's appellate counsel, C. Ransom Hudson, did not present the delayed indictment violation issue in the direct appeal, as direct of by the Defendant. (Affidavit, at ¶ 3, page 3). And neither did my post conviction attorney, Nicole Smith.

Wherefore, based on the facts presented herein, and as set forth in Defendant's Sworn Affidavit, the Defendant asks that an evidentiary hearing be ordered so that the defendant may be allowed a fair opportunity to further develope the facts of his claim, and for proper resolution of the sworn facts.

8

Respectfully submitted,

*Rossahn Black*
Rossahn Black
Defendant-Movant
Reg. No. 44054-039
FCI-Gilmer
P.O. BOX
Glienville, W.Va 26351

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, with attachments, was served on the Office of the U.S. Attorney for the Eastern District of Michigan, at 211 West Fourth Street, Detroit, Michigan 48226, via first-class mail, postage prepaid, this December 13th day, 2019.

*Rossahn Black*
Rossahn Black
Defendant-Movant
Reg. No. 44054-039
FCI-Gilmer
P.O. BOX
Glienville, W.Va 26351

# EXHIBIT 1

SWORN STATEMENT AND AFFIDAVIT OF ROSSAHN BLACK

I, Rossahn Black, hereby swear under penalty of the Federal Criminal Code, that the statements of events and occurrences alleged herein are true and correct to the best of my knowledge and recollection.

1. The firearms charged in Counts 1 and 2, for which I was convicted of, were stored in the trunk of my car that I was arrested in on December 7, 2009, and those firearms found in my trunk, on December 7, 2009, were the same firearm that were stored in my trunk, and from which I retrieved the Para Ordnance semi-automatic pistol slide (and or pistol) that I took into the Wolverine Shooting Sports Store, on December 4, 2009. I had travelled to the Wolverine Store with the firearms in the trunk of my car, and I was accompanied by Anthony Pugh, a Highland Park Water Department employee, from Detroit, Michigan. Mr. Pugh observed and was aware of the firearms stored in the trunk and observed and was aware that I had only taken the Para Ordnance pistol slide from my trunk and into the Wolverine store, on December 4, 2009, as well as Mr. Pugh and myself had conversations prior to, and on December 4, 2009, in which, in answer to his questions as to the reasons for my possession of multiple ("So many") firearms in my trunk, I responded truthfully and to my belief and understanding that, "I had a legal right to bear and possess firearms as a U.S. Citizen, as part of my Military background, and as a part of my religious Muslim belief (Faith) to protect fellow Muslims from crime and attacks." Mr. Pugh responded that, I "was either crazy or stupid to believe that I had to protect all Muslims and that so many guns were required." Myself and Mr. Pugh had this same and/or similar conversation on or about February 5, 2008, when I was in possession of other firearms, and was eventually arrested and convicted of State (Ann Arbor Circuit Court, Washtenaw County, Michigan) firearm violations.

2. Prior to my federal trial in the instant matter, I informed my appointed trial attorney, James Gerometta, that I believed that I had a right to challenge

the Count 1 and Count 2 firearm possession charges on the grounds that they were continuously possessed firearms from December 4, 2009, at the Wolverine Store, to my December 7, 2009 arrest, where they were then discovered in the trunk of my car by the Highland park, Detroit, Michigan Police Officers, and thus were one offense for prosecution purposes. I explained further to Mr. Gerometta that, Mr. Pugh's presence with me, traveling in my car, and his observance of the firearms in the trunk of my car, as we drove to the Wolverine Store on December 4, 2009, and our conversation, both on December 4, 2009, and at or around my February 5, 2008, State arrest on firearm violation charges, in which I had truthfully and candidly revealed to Mr. Pugh my belief (and reasons therefore) that I had a legal right to possess the firearms. I then, specifically directed Mr. Gerometta to investigate, locate, and call Mr. Pugh to testify and corroborate my out-of-court statements as to my state of mind concerning my lack of knowledge of my federal prohibited status for possessing firearms, and to establish that the firearms found in my trunk on December 7, 2009, were the same firearms I possessed and had stored in my trunk on December 4, 2009, when we traveled to the Wolverine Store, and that no actual firearm was taken into the Wolverine Store on December 4, 2009, but only the Para Ordnance pistol slide (firearm part). Mr. Gerometta responded that, "Because Mr. Pugh could also be charged with possession of the firearms, he would more likely than not be willing to come forward and testify..." And that, "in any event, Mr. Pugh could not proove, for certain, your (Defendant, Rossahn Black) state of mind, as to your knowledge of the legality of possessing the firearms." At no time, throughout my criminal prosecution, did Mr. Gerometta execute my express orders to investigate, locate, and present Mr. Pugh for the defense, and to challenge Counts 1 and 2 on the grounds cited above. In addition, I also directed my appointed appellate counsel, C. Ransom Hudson, to present the same claims and challenge, as to Counts 1 and 2, in my direct appeal case, after

response was that, "He (Mr. Ransom) was in charge of what to present and what not to present as an appellate issue, in the appeal." And that, he refuse "to bring an ineffective assistance of counsel charge against a fellow attorney based on claims overlooked during the district court proceedings."

3. On April 28, 2011, I was arraigned on a First Superseding Indictment that contained two Counts (Counts 2 and 3) of possession of a firearm, in addition to Count 1, which was the only count in the original indictment. This superseding indictment was returned more than 16 months after my initial appearance in the U.S. District Court, on December 8, 2009, and more than 12 months after my arraignment on the original indictment, returned on April 29, 2010. Because both indictments were returned more than 30 days after my initial appearance on December 8, 2009, I directed my attorney, Mr. Gerometta, to object and challenge both indictment's violation of the 30-day indictment clause rule, mandated after a defendant's initial appearance in the District Court. Mr. Gerometta responded that, "You (Defenant, Rossahn Black) are not being harmed by the delays in bringing the indictment well after the 30 day time requirement since you are already in jail." I informed Mr. Gerometta that I had been detained without the indictment and that it was unfair that I was being held past the 30 days without an indictment. Mr. Gerometta then said, "get over it, you're being tested for craziness." I replied that I did not wave my indictment rights for any kind of testing." And Mr. Gerometa then said, "Your waiver is not necessary." On direct appeal, I directed my appellate counsel, Mr. Ransom to present the 30-day indictment clause issue in my direct appeal case, and Mr. Ransom replied, again, that, "To do so would put your trial attorney under the bus, and I advised you that I am unwilling to do that." And neither did my post conviction attorney, Nicole Smith, raise this issue.

Dated: December 13, 2019.

Rossahn Black, Defendant
Reg. No. 44054-039
FCI-Gilmer
P.O. BOX
Glienville, W.Va 26351



Christopher Wills
Reg. No. 33532-037
United States Penitentiary-Florence
P.O. Box 7000
Florence, Colorado 81226

RECEIVED
JAN - 2 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

12/20/2019

RECEIVED
JAN - 2 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

Legal Mail

Office of the Clerk
U.S. District Court
Eastern District of Michigan
231 Lafayette Boulevard
Detroit, Michigan 48226

*Legal Mail*

P.O. BOX 1000
FLORENCE, COLORADO 81226

DATE: 12/30/19

...have processed through special mailing
...ding to you. This letter has neither
...pened. If the writer raises a question
...which this facility has jurisdiction, you may
...for further information or clarification.
...correspondence for forwarding to another
...use return are enclosed to the above address.