UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                 No. 10-cr-20225

v                                          HON. MARK A. GOLDSMITH

ROSSAHN BLACK,

       Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S (1) SECOND MOTION TO VACATE (Dkt. 186), (2)
MOTION TO AMEND HIS MOTION TO VACATE (Dkt. 191), (3) MOTION FOR
RESENTENCING (Dkt. 212), (4) MOTION FOR INDEPENDENT RULINGS (Dkt. 213),
(5) AND MOTION FOR JUDGMENT (Dkt. 228)**

Before this Court is Defendant Rossahn Black's second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. 186), as well as Black's motion to amend that motion to vacate (Dkt. 191), Black's motion for resentencing (Dkt. 212), Black's motion for independent rulings (Dkt. 213), and Black's motion for judgment (Dkt. 228). For the reasons that follow, the Court denies all of Black's motions.[1]

**I. BACKGROUND**

In December 2009, Highland Park police officers pulled over Black, a felon, for traffic violations, and they arrested him for driving without a driver's license. Resp. to 2d Mot. to Vacate at 2. The police found live ammunition and a blank pistol on Black's person, and a search of

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes the Government's response to Black's second motion to vacate (Dkt. 215), Black's reply (Dkt. 219), the Government's response to Black's motion for resentencing (Dkt. 216), and Black's reply (Dkt. 221).

Black's car yielded additional firearms and firearm-related paraphernalia. Id. Subsequent investigations revealed additional instances of Black possessing firearms. Id. He was charged with three counts of illegally possessing firearms. Superseding Indictment (Dkt. 41).

Black contested these charges at trial before the Hon. Gerald E. Rosen, and a jury returned guilty verdicts on all three counts. Verdict Form (Dkt. 95). Black was sentenced to 300 months' imprisonment, which included a 15-year mandatory minimum under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). 1st Judgment (Dkt. 111). The United States Court of Appeals for the Sixth Circuit affirmed Black's conviction and sentence, and the Supreme Court denied certiorari. United States v. Black, 739 F.3d 931 (6th Cir. 2014); Black v. United States, 134 S. Ct. 2326 (2014).

Black then filed his first motion to vacate under § 2255, asserting over 12 grounds for relief. 1st Mot. to Vacate (Dkt. 144). The district court denied Black's § 2255 motion on all grounds except one: that the ACCA no longer applied to Black due to a change in Supreme Court case law that was made retroactive on collateral review. See 12/12/16 Order Vacating Sentence (Dkt. 168) (citing Johnson v. United States, 135 S. Ct. 2551, 2563 (2015)); 1/31/17 Op. & Order (Dkt. 172) (denying Black's remaining claims in first motion to vacate). The court resentenced Black to 252 months' imprisonment and entered a new judgment. 2d Judgment (Dkt. No. 171).

Black appealed the second judgment. See United States v. Black, No. 17-1149, 2018 WL 832962, at *1 (6th Cir. Jan. 16, 2018). The Sixth Circuit affirmed the judgment, and the Supreme Court denied certiorari. Id. at *3; Black v. United States, 139 S. Ct. 1400 (2019).

Black then filed his second motion to vacate under § 2255, which is now before this Court. After this filing, Black's case was reassigned first to the Hon. Nancy G. Edmunds, and then to the Hon. Stephanie Dawkins Davis. The district court transferred Black's motion to the Sixth Circuit

2

as a second or successive motion (Dkt. 189), and the Sixth Circuit remanded, finding that Black's motion was not "second or successive" because Black's latest motion challenges his new judgment at resentencing, see 10/2/20 Order from Court of Appeals (Dkt. 205).

Black's case was subsequently reassigned to the undersigned.

## II. ANALYSIS

In addition to his second § 2255 motion, Black has filed a motion to amend that § 2255 motion, a motion for resentencing, a motion for independent rulings, and a motion for judgment. The Court addresses each motion in turn.

### A. Second Motion to Vacate

A petitioner is procedurally barred from raising claims in a § 2255 motion to which no contemporaneous objection was made or which were not presented on direct appeal. See Wimberly v. United States, No. 93-50028-4, 2009 WL 1212829, at *7 (E.D. Mich. May 1, 2009) (citing United States v. Frady, 456 U.S. 152, 167–168 (1982)). A defendant can overcome this procedural bar only if he can show "either cause and actual prejudice, or that he is actually innocent." See Bousley v. United States, 523 U.S. 614, 622 (1998) (punctuation modified).

Black raises five grounds for relief in his second motion to vacate, and a sixth ground in his motion to amend. The Government submits that Black procedurally defaulted on all of his claims by failing to raise them in the district court or on either appeal. Resp. to 2d Mot. to Vacate at 6. Black does not contest that he failed to raise his present arguments on either of his appeals, and the record is clear that the grounds Black asserted on appeal are distinct from those he presents in the motion before the Court—except that, as further discussed below, the Sixth Circuit already explicitly affirmed one ruling that Black now challenges. See Black, 739 F.3d at 933–936 (addressing Black's arguments that (i) the district court erred in not crediting his defense of

3

insanity, and (ii) one of the weapons Black was convicted for possessing did not qualify for a sentencing enhancement); Black, 2018 WL 832962, at *1–3 (addressing Black's arguments that (i) his sentence was procedurally unreasonable because district court did not make clear its rationale for imposing consecutive sentences, and (ii) his sentence was substantively unreasonable because it was greater than necessary to achieve sentencing goals).

The Court thus addresses whether Black has shown that he is actually innocent, or whether he has established cause and prejudice. The Court finds that Black cannot meet this standard on any of his arguments.

### i. Whether Black was "Actually Innocent" Because His Firearm Possession Was Not "Continuous"

Black suggests that he was actually innocent of his crime because his firearm possession was not "continuous an/or uninterrupted." See 2d Mot. to Vacate at 1–3 (capitalization modified). The Government submits that § 922(g)(1) does not—and did not at the time of Black's trial—require that a defendant's possession of a firearm be "continuous" or "uninterrupted." Resp. to 2d Mot. to Vacate at 7.

The Government is correct that even a brief possession of a firearm is sufficient for conviction under § 922(g)(1). See United States v. Slaughter, 751 F. App'x 659, 661, 664 (6th Cir. 2018) (affirming § 922(g)(1) conviction where defendant alleged he had possessed gun "for only a moment"); United States v. Burroughs, 465 F. App'x 530, 540 (6th Cir. 2012) (affirming § 922(g)(1) conviction because defendant conceded he had "actual possession of the firearms at least briefly") (emphasis in original). Black fails to show he was "actually innocent" on this basis.

### ii. Whether Black was "Actually Innocent" Because His Firearm Was Not Operable

Black argues that he was actually innocent of his crime because the Government failed to offer sufficient proof at trial that the firearm in his possession was "operable." See 2d Mot. to

4

Vacate at 3–4 (capitalization modified).  The Government argues that § 922(g)(1) does not require the government to prove that the firearms were, in fact, "operable" at the time of the defendant's possession.  Resp. to 2d Mot. to Vacate at 8.

The Government is correct.  "[A] weapon does not need to be operable to be considered a firearm."  United States v. Butler, 101 F. App'x 97, 98 (6th Cir. 2004) (affirming § 922(g) conviction).  A firearm is defined to include "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  Id.  Black attempted to challenge at trial whether one of the firearms he possessed met the statutory definition, and he was unsuccessful.[2]  His newest challenge is also unsuccessful.  Black has not shown that he is actually innocent of the crimes of which he was convicted.

### iii. Whether Black Has Made a Showing of "Cause and Prejudice"

Because Black cannot show that he was "actually innocent," he can prevail only if he shows both cause and prejudice.  See Bousley, 523 U.S. at 622.  "Cause requires a showing that 'some objective factor external to the defense' prevented him from raising the issue earlier."  United States v. Samonek, No. CIV. 12-14703, 2014 WL 2931829, at *2 (E.D. Mich. June 30, 2014) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  "Ineffective assistance of counsel can constitute cause for a procedural default."  Huff v. United States, 734 F.3d 600, 606 (6th Cir. 2013) (punctuation modified).  "[P]rejudice requires that the alleged error worked to Defendant's

---

[2] The Government notes that Black moved to dismiss one count of the indictment at the close of the Government's case on the ground that the Government had failed to prove that one of the guns he possessed met the statutory definition of firearm.  Resp. to 2d Mot. to Vacate at 8–9.  The court rejected this argument, observing that the Government had presented testimony from an employee of the gun store who personally handled the firearm when Black brought it into the store so that a night-sight could be installed on the weapon.  See 5/24/12 Trial Tr. at PgID.1406–1414 (Dkt. 125) (containing witness testimony); 5/25/12 Trial Tr. at PgID.1606 (Dkt. 126) (explaining: if the object "was not readily convertible or already able to expel a projectile[,] [w]hy would you need sights[?] That[] seems to be commonsensical.").

5

'actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Samonek, 2014 WL 2931829, *2 (quoting Frady, 456 U.S. at 170)). Black bears the burden of demonstrating both of these factors. Id. at *3.

The Court finds that Black cannot show both cause and prejudice on his remaining arguments, and so the Court denies Black's second § 2255 motion.

### a. Knowledge of Prohibited Status

Black argues that his due process rights were violated because he was not aware that, as a felon, he was prohibited from possessing a firearm. See 2d Mot. to Vacate at 6.

The United States Supreme Court has found that, as a matter of statutory interpretation, the term "knowingly" in § 922(g)(1) applies to both the defendant's possession of a firearm and the defendant's knowledge of his status as a felon. See Rehaif v. United States, 139 S. Ct. 2191, 2196 (2019). At the time of Black's trial, § 922(g)(1) did not require a showing that he knew of his prohibited status. See Khamisi-El v. United States, 800 F. App'x 344, 349 (6th Cir. 2020) ("Before Rehaif, the government could obtain a felon-in-possession conviction without proving that the defendant knew he had previously been convicted of a felony"). Rehaif announced a new substantive rule that applies retroactively on collateral review. See Kelley v. United States, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021).

Black did not raise his Rehaif argument during the criminal proceedings or on appeal, as Rehaif was decided after his second appeal concluded. Black's only basis for showing cause as to his failure to raise this issue during his criminal proceedings is that his counsel was ineffective for not raising it. However, counsel cannot be ineffective for failing to predict that Rehaif would announce a new interpretation of § 922(g), and so Black cannot prevail on his § 2255 motion on this basis. See Wilson v. United States, No. 20-1161, 2020 WL 8921408, at *2 (6th Cir. July 10,

6

2020) (denying certificate of appealability as to denial of § 2255 motion based on argument that counsel was ineffective for not raising Rehaif-type argument because "counsel was not ineffective for failing to predict a new development in the law"); King v. United States, No. 1:20-CV-163, 2022 WL 17744488, at *3 (E.D. Tenn. Dec. 16, 2022) (denying § 2255 motion, stating: "[F]ailing to raise a Rehaif claim during the pendency of the criminal litigation means that it cannot be raised in an 'after-the-fact' § 2255 motion. This is true even when Rehaif postdates the defendant's guilty pleas, such as here."); Nevels v. United States, No. 3:19-CV-00678, 2022 WL 3636330, at *5 (M.D. Tenn. Aug. 23, 2022) (finding that defendant was not entitled to relief under § 2255 where defendant could not demonstrate cause, explaining: "Counsel was not deficient in [failing to argue lack of knowledge of felon status] because, at the time of the movant's guilty plea, Sixth Circuit 'caselaw did not require Rehaif's knowledge element,'" and "'[c]ounsel is not typically deficient for failing to anticipate a change in law'") (quoting Wallace v. United States, 43 F.4th 595, 602 (6th Cir. 2022) (explaining that defendant had no ineffective assistance of counsel claim based on Rehaif against attorney who represented him before Rehaif was decided)).

Black cannot show cause on this issue, and thus, this § 2255 claim fails. See Samonek, 2014 WL 2931829, *2.

b. **Excessive Sentence**

Black also argues that his 252-month sentence exceeds the 120-month statutory maximum on any single count and thus violates his due process rights. See 2d Mot. to Vacate at 6. As the Government correctly argues, Black made this argument during his second appeal, see Black, 2018 WL 832962, at *1–*2, which bars him from raising it again in a § 2255 motion, see DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances."). Regardless, the

Sixth Circuit has already ruled that the court did not abuse its discretion in deciding to impose Black's sentences of 120 months, 66 months, and 66 months to run consecutively. See Black, 2018 WL 832962 at *2 ("[T]he district court did not abuse its discretion in deciding to impose Black's sentences to run consecutively, and it gave a full explanation for its decision."). Because there is merit to Black's argument, he could not show prejudice even if he were able to present the argument, and so this claim fails.

    **c. Delay**

Black asserts violations of his due process rights based on (i) the delay of more than 30 days between his initial appearance on the complaint and the time of his indictment and (ii) the delay in charges brought in his superseding indictment. See 2d Mot. to Vacate at 5–6, 6–7.

As the Government correctly observes, see Resp. to 2d Mot. to Vacate at 10–12, the entire period of delay identified by Black was found excludable by the Court under the Speedy Trial Act, 18 U.S.C. § 3161(b) or agreed to by the defense. The court found excludable delay between the time of Black's motion for a competency hearing and the completion of that hearing (Dkt. 7), and Black repeatedly stipulated to adjournments of the competency examination during that period (Dkts. 11, 14). Three days after Black's competency hearing was held, the grand jury indicted Black (Dkt. 17), and the Court issued an order finding Black competent (Dkt. 16).

The Government returned a superseding indictment on April 28, 2011, approximately a year after the return of the April 29, 2010 indictment. See Indictment (Dkt. 17); Superseding Indictment. That period was excludable under the Speedy Trial Act due to the court's order for Black to undergo an insanity defense evaluation (Dkt. No. 25), Black's own stipulations to exclude time (Dkts. 28, 29, 32, 37), and litigation over Black's various pre-trial motions, See Def. Mot to Supress (Dkt. 33), Def. Mot to Dismiss (Dkt. 23), Def. Mot for Discovery (Dkt. 35).

There is no violation of the Speedy Trial Act where the parties stipulate to exclude time. See, e.g., United States v. Williams, No. 09-20604, 2010 WL 3719169, at *2 (E.D. Mich. Sept. 17, 2010). Further, to make out a due process claim based on pre-indictment delay, a defendant must show that that the delay "prejudice[d] one's right to a fair trial—by, for example, causing evidence to become stale or disappear," and Black has not offered even "bare allegations" explaining how any delay prejudiced his right to a fair trial. Burns v. Lafler, 328 F. Supp. 2d 711, 720 (E.D. Mich. 2004) (punctuation modified).

Because there is no merit to this argument, Black has failed to show prejudice. Samonek, 2014 WL 2931829, *2. He has also not demonstrated that he was prevented from making this argument during his criminal proceedings, and so he has not shown cause. See id.

### iv. Ineffective Assistance of Counsel

Black also argues that his trial and appellate counsel were deficient for failing to raise the above-referenced arguments. 2d Mot. to Vacate at 1–7. In particular, Black repeatedly notes that he directed his trial counsel to find, interview, and present as a witness Anthony Pugh, who Black believed would corroborate his position on several of the grounds cited. See id. at 2–3, 4–6. Black takes issue with his defense counsel's refusal to "execute Defendant's direct orders." Id. at 3.

As the Government correctly notes, defense attorneys are not constitutionally ineffective for failing to raise baseless arguments, see Moore v. Mitchell, 708 F.3d 760, 776 (6th Cir. 2013), nor for "winnowing out weaker arguments" and focusing on those "more likely to prevail," Harper v. United States, 792 F. App'x 385, 390 (6th Cir. 2019). Further, "whether to call a witness and how to conduct a witness' testimony are classic questions of trial strategy that merit Strickland deference." Rayborn v. United States, 489 F. App'x 871, 878 (6th Cir. 2012). There is no merit to Black's ineffective assistance of counsel argument.

Black is unable either to show that he is actually innocent or to demonstrate cause and prejudice. The Court denies his second § 2255 motion. See Bousley, 523 U.S. at 622.

### B. Motion to Amend

Black also moves to amend his second motion to vacate. Black does not articulate precisely how he would like to amend his motion, but his motion to amend could be read to request leave to add an argument that he was not competent to stand trial. Black appears to challenge the evaluation of Dr. Ron Nieberding; Black asserts that testing in Nieberding's lab was conducted by an unlicensed student intern. See Mot. to Amend at 1–2. He characterizes this deficiency as a violation of his due process rights and "structural error." See Reply in Supp. 2d Mot. to Vacate at 1–2.

Federal habeas corpus petitioners are restricted by a one-year limitation period. See § 2255(f); Mayle v. Felix, 545 U.S. 644, 648 (2005) (citing the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)). Federal Rule of Civil Procedure 15 allows an amendment to a pleading to relate back to the date of the original pleading (and, therefore, escape untimeliness) when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). An amendment to a habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.

Black filed his motion to amend on July 13, 2020, which was more than a year after the operative event for determining whether any amendment to Black's § 2255 motion is untimely: the Supreme Court's March 27, 2019 denial of certiorari of the appeal of his second judgment.

10

Black's newly asserted claim based on competency does arise from the same "conduct, transaction, or occurrence" as the any of the claims asserted in Black's second motion to vacate. Fed. R. Civ. P. 15(c)(1)(B).

Black's motion to amend is untimely and cannot relate back to any timely claim. Accordingly, the Court denies Black's motion to amend. See Djoumessi v. United States, No. CRIM. 05-80110, 2010 WL 4790909, at *1 (E.D. Mich. Nov. 17, 2010), aff'd, 434 F. App'x 535 (6th Cir. 2011) (denying § 2255 motion because it was filed 12 days after the one-year statute of limitations).

### C. Motion for Resentencing

Black argues that his January 17, 2017 resentencing hearing was "invalid due to false information contained in the [presentence investigation (PSI)] concerning baseless al[l]egations of manufacturing weapons as U.S.P. Hazleton." Mot. for Resentencing at 1. Black submits that these allegations were "improperly obtained by the U.S. Probation Dept." because they were added to his PSI even though "they were not part of his Warden approved 'Central File.'" Id. Black further contends that his counsel was ineffective for not informing him of the contents of the PSI until the day of the hearing. Id.

For additional context, the Government explains that the Presentence Report (PSR) detailed evidence that Black was manufacturing and distributing multiple weapons including aluminum knives inside prison. Resp. to Mot. for Resentencing at 2 (citing PSR ¶ 71). Black replies by accusing the Government of lying, insisting that he did not manufacture weapons and that the two weapons found in his cell did not belong to him. Reply in Supp. Mot. for Resentencing at 2–3.

As the Government correctly argues, see Resp. to Mot. for Resentencing at 4, Black has no legal basis to argue that the Court should reopen his sentence. A district court "may not modify a term of imprisonment once it has been imposed," unless the defendant can meet one of three narrow exceptions. 18 U.S.C. § 3582(c). The Government states that Black does not even allege that any of these exceptions apply to him, nor could he successfully do so. See Resp. to Mot. for Resentencing at 4. Black elected not to respond to this argument in his reply. Section 3582(c) provides no avenue for relief here.

Further, if the Court were to construe Black's present motion as an amended petition under 28 U.S.C. § 2255, it would be time-barred. See Djoumessi, 2010 WL 4790909, *1. Black has no grounds for presenting this request for relief.

Nor would Black's arguments have merit if the Court were to consider them. "[T]he district court is free to make reasonable inferences from facts in the record when fashioning a sentence." United States v. Parrish, 915 F.3d 1043, 1048 (6th Cir. 2019). As the Government explains, Black had an adequate opportunity to address these allegations during his sentencing hearing. Resp. to Mot. for Resentencing at 2–3. Black took this opportunity to recite his version of the facts to the Court as they pertained to fabricated weapons; Black denied that he manufactured knives, but he admitted that he possessed other weapons because it would be "'unwise'" not to have access to them while incarcerated. Id. (quoting 1/17/17 Resentencing Hr'g Tr. at PageID.2691–2692 (Dkt. 179)). Having had his day in court, Black is not entitled to endlessly relitigate this question.

The Government also discredits the argument that Black's counsel was ineffective. Id. at 3. The Government notes that Black's attorney notified the Court that Black was contesting one of the disciplinary violations, and she asserted on the record that she had discussed the PSR with Black before the hearing, had met with him for two hours in jail, and had spoken with him over

12

the phone "'both while or before he had his Presentence interview and after.'" Id. (quoting 1/17/17 Resentencing Hr'g Tr. at PageID.2675). Black has failed to show that this performance was deficient.

Black has shown no basis for the relief he requests, and his requests have no merit. The Court denies Black's motion for resentencing.

### D. Motion for Independent Rulings

Black submits: "as case numbers 2:10-cr-20225 and 2:15-cv-11372 have different grounds and seek different ends, Mr. Black moves this honorable court to issue seperate [sic] and independent rulings on seperate [sic] dates in the two cited matters . . . ."

The present action is Case No. 10-cr-20225. Black also references Case No. 15-cv-11372, Black v. USA, the civil case opened when Black filed his § 2255 motion. There are no pending motions in the civil case.

The Court denies Black's motion. Black cannot instruct the Court how and when to make its rulings.

### E. Motion for Judgment

Black moves for "im[m]ediate judgment consistent with the Wooden holding," asserting that "one ongoing criminal act is not multiple acts for the purpose of sentencing." Mot. for Immediate J. at 1–2 (citing Wooden v. United States, 142 S. Ct. 1063, 1074 (2022) (holding that defendant's ten prior burglary offenses all arising from single criminal episode—his burglary of ten separate units within one storage facility—were not offenses on "different occasions" within meaning of ACCA, and thus counted as only one prior conviction)). Black argues that his conviction for possessing a para-ordnance slide on December 7, 2009 must be treated as the same conviction as that for possessing a para-ordnance slide on December 9, 2009.

There is no merit to Black's suggestion that he was improperly convicted twice for the same crime. Black was indicted and convicted for his possession of a para ordnance semi-automatic pistol only once, based on his possession of that weapon on December 4, 2009. See Superseding Indictment at 3; Jury Instructions at PageID.545 (Dkt. 94). He was indicted and convicted for possessing other distinct weapons on December 7, 2009 and February 5, 2008. See Superseding Indictment at 1, 4; Jury Instructions at PageID.545. The Court denies Black's motion for judgment.

### III. CONCLUSION

For the reasons explained above, the Court denies Black's second motion to vacate (Dkt. 186), Black's motion to amend that motion to vacate (Dkt. 191), Black's motion for resentencing (Dkt. 212), Black's motion for independent rulings (Dkt. 213), and Black's motion for judgment (Dkt. 228).

SO ORDERED.

Dated: February 24, 2023  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge