UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROSSAHN BLACK,

    Defendant.
_____/

No. 10-cr-20225

HON. MARK A. GOLDSMITH

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR CERTIFICATE OF APPEALABILITY (Dkt. 233)

Before this Court is Defendant Rossahn Black's motion (Dkt. 233) for the Court to both (i) grant a certificate of appealability as to and (ii) reconsider certain findings in this Court's February 24, 2023 opinion and order (Dkt. 229) denying Black's second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. 186) and denying Black's motion to amend that motion to vacate (Dkt. 191). For the reasons that follow, the Court denies Black's motion.[1]

### I. BACKGROUND

Police officers pulled over Black—a convicted felon—and found firearms and firearm-related paraphernalia on his person and in his vehicle. See 2/24/23 Op. & Order at 1–2 (citing 2d Mot. to Vacate at 2). Subsequent investigations revealed additional instances of Black possessing firearms. Id. He was charged with three counts of illegally possessing firearms under 18 U.S.C. §§ 922(g)(1) and 924(e). See Superseding Indictment (Dkt. 41).

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

Black contested these charges at trial before the Hon. Gerald E. Rosen, and a jury returned guilty verdicts on all three counts. Verdict Form (Dkt. 95). Black was sentenced to 300 months' imprisonment, which included a 15-year mandatory minimum under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). 1st Judgment (Dkt. 111). The United States Court of Appeals for the Sixth Circuit affirmed Black's conviction and sentence. United States v. Black, 739 F.3d 931 (6th Cir. 2014).

On review of Black's first motion to vacate under § 2255 (Dkt. 144), the district court found that Black had raised a meritorious argument that the ACCA no longer applied to him, see 12/12/16 Order Vacating Sentence (Dkt. 168). The court resentenced Black to 252 months' imprisonment and entered a new judgment. 2d Judgment (Dkt. No. 171). Black appealed the second judgment. See United States v. Black, No. 17-1149, 2018 WL 832962, at *1 (6th Cir. Jan. 16, 2018). The Sixth Circuit affirmed. Id. at *3.

Black then filed his second motion to vacate under § 2255, which was reassigned to the undersigned after the Sixth Circuit found that it was not a "second or successive" § 2255 motion because it challenged his new judgment at resentencing, see 10/2/20 Order from Court of Appeals (Dkt. 205). Black raised five grounds for relief in his second motion to vacate that he had failed to raise on appeal (or that the Sixth Circuit had rejected on appeal), and the Court denied his motion, finding that Black had failed to demonstrate "either cause and actual prejudice, or that he [was] actually innocent." 2/24/23 Op. & Order at 3–10 (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (punctuation modified)). The Court also denied Black's motion to amend his motion to vacate—which could be read as a request to add the argument that he was not competent to stand trial—because Black's motion to amend was untimely. See id. at 10–11.

2

## I. ANALYSIS

Black now seeks (i) reconsideration of the Court's denial of two grounds asserted in his second motion to vacate, and (ii) a certificate of appealability as to the Court's denial of two other grounds asserted in his second motion to vacate. See Mot. The Court addresses each argument in turn.

### A. Certificate of Appealability

Black requests a certificate of appealability as to two of this Court's findings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this requirement, an applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (punctuation modified). The Court considers Black's request as to each finding.

#### 1. Competence to Stand Trial

The Hon. Gerald E. Rosen entered an order finding Black competent to stand trial on April 29, 2010 (Dkt. 16), in advance of trial that proceeded in 2012.

This Court denied Black's July 13, 2020 motion to amend his second motion to vacate to add an argument that he was not competent to stand trial. See 2/24/23 Op. & Order at 10–11. On a timeline most favorable to Black, under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), Black had one year following the United States Supreme Court's March 27, 2019 denial of certiorari as to Black's appeal of his second judgment to assert this ground in a § 2255 motion. See 2/24/23 Op. & Order at 10–11 (citing § 2255(f); Mayle v. Felix, 545 U.S. 644, 648 (2005)). Because he waited until July 13, 2020 to assert that he had not been

competent, Black missed that one-year deadline, and his argument did not relate back to any ground asserted in his timely second § 2255 motion. Id.

Now requesting reconsideration, Black argues the merits of his claim. He submits that "[t]he defense's expert Dr. Jefferey Wendt Ph.D. found the Defendant mentally incompetent to stand trial," but he argues that this decision constituted "structural error" because an unsupervised intern conducted Black's court-ordered competency evaluation. Mot. at 1. Black also submits that his attorney C. Randsom Hudson was ineffective for not raising this argument despite being instructed to do so. Id. at 2–3.

Black has failed to address the Court's finding that he was required to present this argument to the Court much earlier—at least by March 27, 2020, i.e., one year following the denial of certiorari as to his appeal of his amended judgment. Reasonable jurists could not debate whether this petition should have been resolved differently, nor do these issues deserve encouragement to proceed further. See Slack, 529 U.S. at 484. The Court denies Black's motion for a certificate of appealability on this point.

**2. Knowledge Element of Felon-In-Possession Charge**

Black argued in his second motion to vacate that he had not been aware that, as a felon, he was prohibited from possessing a firearm. See 2d Mot. to Vacate at 6. This Court explained that, at the time of Black's trial, § 922(g)(1) did not require a showing that a felon knew of his prohibited status. See 2/24/23 Op. & Order at 6. The United States Supreme Court subsequently found that that, as a matter of statutory interpretation, the term "knowingly" in § 922(g)(1) applies to both the defendant's possession of a firearm and the defendant's knowledge of his status as a felon. Id. (citing Rehaif v. United States, 139 S. Ct. 2191, 2196 (2019)).

4

Courts in this circuit have consistently found that § 2255 movants in Black's situation do not have meritorious grounds for relief under Rehaif because defense counsel is not ineffective for having failed to argue that the Government had to prove knowledge of prohibited status prior to Rehaif's clarification of the law. See id. at 6–7 (collecting cases); Wallace v. United States, 43 F.4th 595, 602 (6th Cir. 2022) (explaining that defendant had no ineffective assistance of counsel claim based on Rehaif against attorney who represented him before Rehaif was decided). Accordingly, the Court denied Black's second motion to vacate on this point.

In his present motion, Black seeks to escape this result by insisting that ineffective assistance of counsel is not the correct framework. Mot. at 2–3. He concedes that he is not asserting ineffective assistance of counsel based on his attorney "not arguing an issue that did not exist in 2012," but he insists that the knowledge element "does not exist in Mr. Black[']s case." Id.

However, even if Black's argument is not framed as an ineffective assistance of counsel case, Black did have knowledge of his prohibited status—i.e., he had knowledge that he was a felon. Black and the Government stipulated at trial that Black had been convicted of felonies at the time of his possession of a firearm, and the jury was instructed on this fact. See Jury Instructions at PageID.545–546 (Dkt. 94). The stipulation and the presentation of the same to the jury "strongly suggest[]" that the knowledge element is satisfied under Rehaif. United States v. Conley, 802 F. App'x 919, 924 (6th Cir. 2020) (affirming § 922(g) conviction even though indictment did not unambiguously charge that defendant knew of his prohibited status in compliance with Rehaif where defendant "stipulated at trial that he had a prior felony conviction," explaining: "'At a minimum, the prior conviction for being a felon in possession of a firearm proved beyond a reasonable doubt that [defendant] had the knowledge required by Rehaif . . . .'")

(quoting United States v. Benamor, 937 F.3d 1182, 1189 (9th Cir. 2019) (affirming § 922(g) conviction) (punctuation modified)); see also Curruthers v. United States, No. 09-cr-20439, 2020 WL 3913581, at *17 (W.D. Tenn. July 10, 2020) (finding that amendment of § 2255 motion to add Rehaif ground would be futile, explaining: "[Defendant] stipulated to the fact that, before he was alleged to have knowingly possessed the firearms, he had been convicted of a felony. . . . The jury was instructed to that effect. . . . That is sufficient to satisfy Rehaif.").

Black has failed to raise an issue of which reasonable jurists could debate the proper resolution or that should be encouraged to proceed further. See Slack, 529 U.S. at 484. The Court denies Black's motion for a certificate of appealability.

**B. Reconsideration**

Black also seeks reconsideration of two findings on the apparent basis that the Court made a "mistake." Fed. R. Civ. P. 60(b)(1).[2] Neither request has merit.

**1. Actual Innocence Based on Inoperability of Firearm**

This Court rejected Black's second ground for relief in his second motion to vacate: that he was "actually innocent" of the felon-in-possession charge because the Government failed to offer sufficient proof at trial that the firearm in his possession was "operable." See 2/24/23 Op. & Order at 4–5. The Court explained that "[a] weapon does not need to be operable to be considered

---

[2] Black does not identify the statutory authority underlying his request for reconsideration. The Court construes it as a motion for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b)(1), which is how other courts have framed motions for reconsideration of denials of § 2255 motions. See, e.g., United States v. Thibeau, 181 F. App'x 382, 383 (4th Cir. 2006). The Court notes that Black has no alternate avenue for relief under the district's local rules governing reconsideration, which direct parties who seek reconsideration of "final orders or judgments" like the one challenged here to "file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." See E.D. Mich. LR 7.1(h)(1).

a firearm." Id. at 5 (quoting United States v. Butler, 101 F. App'x 97, 98 (6th Cir. 2004) (affirming § 922(g) conviction)).

Black now submits that "[t]his Court misread the Defendant[']s argument" as an assertion that his firearm was inoperable, when in fact Black argued that a pistol "slide" did not meet the definition of a firearm because it could not be readily converted to expel a projectile. Mot. at 1–2. Black also submits that his attorney C. Randsom Hudson was ineffective for not raising this argument despite being instructed to do so. Id. at 2–3.

The Court did not make a mistake by interpreting Black's argument in his second motion to vacate as an argument that his firearm was inoperable. The second ground raised in Black's § 2255 motion asserted that "the actual facts" and "record evidence" were "contrary to actual proof and proof beyond a reasonable doubt that Defendant did in fact possess a and produced an operable firearm . . ., and trial counsel and appellate counsel were ineffective" for not raising this argument. 2d Mot. to Vacate at 3–4 (capitalization modified). This claim for relief did not use the word "slide" at all, and Black was not charged with illegally possessing any "slide"; he was charged with possessing a series of specific firearms. See Superseding Indictment. Black referenced a "slide" elsewhere in his motion to vacate, indicating that a certain "slide part" was "compatible" with one of the firearms he was convicted for illegally possessing: a "Para Ordnance semi-automatic pistol." See id. at 2. But nowhere did Black's motion reference the definition of a firearm as one readily convertible to expel a projectile. See id. The Government interpreted Black's motion the same way the Court did. See Resp. to 2d Mot. to Vacate at 8.

Black is incorrect to argue that his second motion to vacate asserted an argument that a particular slide—which he was not charged with illegally possessing—could not be readily converted to expel a projectile. Black's present motion appears to be attempting to introduce a

7

new argument not included in his § 2255 motion, which is not a proper basis on which to request reconsideration. There is also no merit to Black's argument, as he was not convicted for possessing any slide distinct from a firearm. Black has not demonstrated that the Court made a "mistake" by considering and rejecting his argument that relief was warranted on the ground that the firearm he possessed was not operable. Fed. R. Civ. P. 60(b)(1). The Court denies Black's motion for reconsideration on this point.

### 2. Actual Innocence Based on Continuous Possession of Firearm

The first ground asserted in Black's second motion to vacate stated: "The Defendant is factually innocent . . . where the actual facts, as well as the record evidence, is contrary to the proof beyond a reasonable doubt that his firearm possession, in the instances charged in Counts 1and 2, was not continuous and/or uninterrupted." 2d Mot. to Vacate at 1 (capitalization modified). Count 1 refers to charges for firearms possessed on December 7, 2009, while Count 2 refers to charges for firearms possessed on December 4, 2009. See Superseding Indictment. This Court and the Government interpreted Black's argument as an assertion that he was actually innocent because his possession was not "continuous and/or uninterrupted." 2/24/23 Op. & Order at 4; Resp. to 2d Mot. to Vacate at 7. The Court rejected that argument because "even a brief possession of a firearm is sufficient for conviction under § 922(g)(1)." 2/24/23 Op. & Order at 4.

Black now argues that the Court misread his argument by interpreting Black's § 2255 motion to argue that Black's possession was "not" continuous, when in fact Black argued that his possession was an uninterrupted course of conduct that could not constitute multiple individual counts. Mot. at 2. The Court agrees that Black's second motion to vacate could plausibly be construed to assert the argument now presented. That motion stated in part: "[T]he firearms discovered in the trunk of Defendant's car on December 7, 2009, were the same firearms that were

8

in the trunk of the car when [Anthony Pugh] and the Defendant had traveled to the Wolverine Store on December 4, 2009 . . . the firearms discovered in his trunk, on December 7, 2009, were continuously possessed from December 4 . . . ." 2d Mot. to Vacate at 2–3.

Nonetheless, there is no merit to Black's suggestion that he was charged twice for the same continuous possession of one firearm. Black was charged with possessing five specifically named firearms on December 7, 2009, and he was charged with possessing a different specifically named firearm on December 4: "a Para Ordnance semi-automatic pistol." Superseding Indictment at 1–2; Jury Instructions at PageID.545.[3] These are different crimes based on the possessions of different weapons. As this Court already explained in the context of a similar argument presented by Black:

> Black argues that his conviction for possessing a para-ordnance slide on December 7, 2009 must be treated as the same conviction as that for possessing a para-ordnance slide on December 9, 2009. There is no merit to Black's suggestion that he was improperly convicted twice for the same crime. <u>Black was indicted and convicted for his possession of a para ordnance semi-automatic pistol only once</u>, based on his possession of that weapon on December 4, 2009. . . . He was indicted and convicted for possessing other distinct weapons on December 7, 2009 and February 5, 2008.

2/24/23 Op. & Order at 13–14 (denying Black's motion for immediate judgment) (emphasis added). Black's motion for reconsideration does not challenge this finding.

Black's motion does not present any ground that merits relief from the judgment entered against him. See Fed. R. Civ. P. 60. The Court denies his motion for reconsideration.

---

[3] Specifically, the firearms which Black was charged with possessing on December 7, 2009 were: (i) one Maverick, model 88, 12 gauge shotgun, serial number MV03495C; (ii) one Romarm, Draco, 7.62 caliber pistol, serial number DR-4261-09; (iii) one Smith & Wesson, Air Lite, .44 caliber revolver, serial number CDH5393; (iv) one Glock, model 30, .45 caliber pistol, serial number HGM361; and (v) one Jimenez, model J.A. 380, .380 caliber pistol, serial number 047402. Superseding Indictment at 1; Jury Instructions at PageID.545.

9

## III. CONCLUSION

For the reasons explained above, the Court denies Black's motion for a certificate of appealability and for reconsideration (Dkt. 233).

SO ORDERED.

Dated: August 15, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge